# EXHIBIT 1



### State of New Jersey
**Department of Banking and Insurance**
Office of the Commissioner
PO Box 325
Trenton, NJ 08625-0325

Tel (609) 292-7272

**Chris Christie**
*Governor*

**Kim Guadagno**
*Lt. Governor*

**Richard J. Badolato**
*Commissioner*

*CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*

12/4/2017

Attention:  EMILY MINER
CORPORATE SECRETARY
NAVIGATORS INSURANCE COMPANY
400 ATLANTIC STREET, 8TH FLOOR
STAMFORD, CT 06901

> RECEIVED
> DEC 07 2017
> Navigators - Legal Dept.
> Stamford, CT

RE: Unifoil Corporation v. Navigators Insurance Company, et al.
    Superior Court of New Jersey, Essex County Law Division
    Docket No. :  ESX-L-008390-17

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter.  The documents served are enclosed herein.

By copy of this letter I am advising the Attorney for the Plaintiff(s) in this matter and certifying with the Clerk of the Court that these documents have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

*Debra A. Mullen*
Administrative Assistant

C:  Steven R. Rowland, Esq.
    Brown Moskowitz & Kallen
    180 River Road
    Summit, NJ 07901

    Clerk of the Superior Court, Essex County



**SUMMONS**

Kenneth L. Moskowitz - 002021990
Attorney(s)  Steven R. Rowland - 010121988

Office Address   Brown Moskowitz & Kallen, P.C.

Town, State, Zip Code   180 River Road

Summmit, New Jersey 07901

Telephone Number   973-376-0909

Attorney(s) for Plaintiff  Unifoil Corporation

Unifoil Corporation

Plaintiff(s)

vs.

Southeast Personnel Leasing, Inc., et al.

Defendant(s)

**Superior Court of
New Jersey**

Essex _____ County

Law _____ Division

Docket No:  ESX-L-008390-17

**CIVIL ACTION
SUMMONS**

RECEIVED

DEC 0 7 2017

Navigators - Legal Dept.
Stamford, CT

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

s/ Michelle M. Smith
Clerk of the Superior Court
Michelle M. Smith

DATED:   November 30, 2017

Name of Defendant to Be Served:   Navigators Insurance Company

Address of Defendant to Be Served:   c/o Commissioner, New Jersey Department of Banking and Insurance
20 West State Street, P.O. Box 325
Trenton, New Jersey 08625-0325

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

ESX-L-008390-17   11/29/2017 1:22:16 PM   Pg 1 of 11 Trans ID: LCV2017547181

Kenneth L. Moskowitz - 002021990
Steven R. Rowland - 010121988
BROWN MOSKOWITZ & KALLEN, P.C.
180 River Road
Summit, New Jersey 07901
P: (973) 376-0909
F: (973) 376-0903
Attorneys for Plaintiff, Unifoil Corporation



| UNIFOIL CORPORATION | SUPERIOR COURT OF NEW JERSEY |
|---|---|

**UNIFOIL CORPORATION**

Plaintiff,

v.

**SOUTHEAST PERSONNEL LEASING,
INC., LION INSURANCE COMPANY,
NAVIGATORS INSURANCE COMPANY,
INC., AND ZURICH AMERICAN
INSURANCE COMPANY,**

Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ESSEX COUNTY

Docket No.: ESX-L-          -17

Civil Action

**COMPLAINT, CERTIFICATION
PURSUANT TO R. 4:5-1,
DESIGNATION OF TRIAL
COUNSEL, AND JURY DEMAND**

Unifoil Corporation ("Unifoil"), by its attorneys, Brown Moskowitz & Kallen, P.C., for its

Complaint against defendants Southeast Personnel Leasing, Inc. ("Southeast"), Lion Insurance

Company ("Lion"), Navigators Insurance Company, Inc. ("Navigators") and Zurich American

Insurance Company ("Zurich"), alleges and says as follows:

### NATURE OF THE ACTION

1.      This is an insurance coverage action seeking declaratory relief pursuant to N.J.S.A.

2A: 16-51 et seq. and damages.  Unifoil seeks a declaration that Lion, Navigators and Zurich owe

to plaintiff the duty to defend and indemnify it in connection with a personal injury action currently

pending against it in the action captioned, Orlando Perez, et ux. v. Arrow Converting Equipment,

Inc., Superior Court of New Jersey, Essex County, Law Division, Docket No. L-5061-14 (the

"Perez Action"). In addition, Unifoil seeks damages from Southeast -- Perez's employer -- for the reasons set forth below.

## PARTIES

2.      Plaintiff, is a New Jersey corporation with its principal place of business at 12 Daniel Road East, Fairfield, New Jersey 07004.  Unifoil is in the business of coating and laminating paper for use in the advertising, packaging and other applications, and whose business operations involve the use of industrial equipment.

3.      Defendant Southeast is organized under the laws of the State of Florida and does business in New Jersey, is a professional employer organization which claims to provide, among other things, leased employees with cost-effective and legally compliant workers compensation coverage through an affiliated captive insurance carrier, defendant Lion.  Upon information and belief, Southeast and Lion are commonly owned, and commonly managed.  In combination with Lion, Southeast asserts that it will manage the client or "lessee's" workers compensation needs without costly delays or unexpected rate increases, and that it will provide integrated and cost-effective coverage through Lion.  Southeast further claims that, as a result of this common ownership, Southeast and its clients "are not hold hostage by a third party carrier."  Southeast's principal place of business is at 2739 U.S. Highway 19 North, Holiday, Florida 34691.

4.      Defendant Lion is organized under the laws of the State of Florida, and is the captive insurance carrier for Southeast.  Lion's principal place of business is also located at 2739 U.S. Highway 19 North, Holiday, Florida 34691.  Upon information and belief, Southeast is Lion's only client.  Lion does business in New Jersey.

5.      Defendant Navigators is a provider of professional liability insurance, including directors and officers liability insurance ("D&O coverage").  It is organized under the laws of the

2

State of New York, and has a principal place of business located at 400 Atlantic Street, Eighth Floor, Stamford, Connecticut 06901.  Navigators does business in New Jersey.

6.     Defendant Zurich is a provider of property and casualty insurance, including commercial general liability insurance ("CGL coverage").  Zurich is organized under the laws of the State of New York, and has a principal place of business at 1299 Zurich Way, Schaumberg, Illinois 60196. Zurich does business in New Jersey.

## BACKGROUND

7.     On or about April 10, 2013, Orlando Perez ("Perez") was an employee of Southeast. Pursuant to a Labor Service Agreement with Unifoil, Southeast, as Perez's employer, was responsible, among other things, to maintain workers compensation insurance coverage for Perez, including "Part One" coverage, which provides statutory workers compensation benefits to injured workers.  Southeast was also responsible to maintain "Part Two" coverage, which provides employers liability coverage for employment-related claims other than workers compensation claims, presumptively covering all types of employer's liability claims arising from work-related bodily injury.

8.     On April 10, 2013, Perez, while an employee of Southeast, was working on industrial equipment at Unifoil's Fairfield, New Jersey facility when he suffered a personal injury. In particular, Perez had loaded a roller of laminate material -- weighing approximately 200 pounds -- onto a "slitter machine" manufactured by Arrow Converting Equipment, Inc. ("Arrow") with a forklift. In order to perform the loading operation safely, the operator much first lower the roll bar into the down position and then use the forklift to load the roller of material onto the roll bar. Once the material has been loaded onto the bar, the operator must engage the roll "arms" to lock the material into place. After the locking, the roll bar is then raised into the operating position.

3

9.      Perez, however, failed to engage the roll "arms" and lock them prior to raising the roll bar.  Because the "arms" had not been engaged, when Perez raised the roll bar, the roll of laminate material dislodged, and fell and struck Perez.  The machine was not in operation at the time of the accident because the shaft had not been locked by Perez.

10.      Although OSHA investigated the accident, it did not allege any wrongdoing or issue any citation or complaint with respect to the accident.

11.      The workers compensation bar <u>N.J.S.A.</u> 34:15-8, should operate to defeat Perez's liability claims inasmuch as the accident alleged to be at issue stems from Mr. Perez's failure to lock the roll arms in place prior to raising the roll bar.  The essential cause of the accident in question was Mr. Perez's human error, not an intentional wrong.

12.      After the accident, Southeast submitted a workers compensation claim to Lion and Lion acknowledged liability and has and continues to provide workers compensation benefits to Perez, as well as counsel to defend and manage the workers compensation claim.

13.      After the accident, Unifoil also received requests from Perez's workers compensation counsel to preserve the Arrow machine, and forwarded those requests to Southeast and Lion, seeking instructions.  Despite repeated requests to Southeast and Lion, no instructions to preserve the Arrow machine were given.

14.      Upon information and belief, Arrow is defunct and, as such, Perez's claim against that entity is valueless.

15.      Months after the accident, and in the absence of any instruction to preserve the machine from either Southeast or its captive carrier, Lion, Unifoil discarded it and replaced it with new equipment, doing so without intent or purpose to harm Perez's claims.  Unifoil, for more than

4

one year before the accident, had planned to replace the machine. The equipment was discarded after OSHA's investigation and inspection on April 12, 2013, just two days after the accident.

16. On or about July 21, 2014, Mr. Perez and his wife commenced the <u>Perez</u> Action against Arrow and Unifoil alleging, among other things, that the Arrow "slitting machine" was unsafe. Although the Complaint also contains allegations -- baseless in nature -- that Unifoil committed "intentional acts," the allegations are premised on the incorrect assumption that Perez's injuries took place while the Arrow machine was in operation when in fact the machine was not in operation, but rather "down" so that it could be re-loaded with a new roll of laminate material.

17. In addition, in the <u>Perez</u> Action, the plaintiffs have alleged that Unifoil spoliated the Arrow machine, but since Arrow is defunct, the plaintiffs have no viable action against the machine's manufacturer.

18. To the extent that Perez asserts that Unifoil's failure to preserve the machine entitles him to escape the workers compensation bar, the claim is without merit. The accident was caused, either entirely or substantially, by Perez's own failure to engage the machine's roll "arms" and lock the laminate material into place prior to raising the roll bar. The machine was not in operation at the time of the accident.

19. Unifoil timely noticed Southeast, Lion, Navigators and Zurich of Perez's workers compensation claims and the <u>Perez</u> Action, and Lion proceeded to tender provided workers compensation coverage. In connection with the <u>Perez</u> Action, Zurich provided coverage under its CGL coverage, with a reservation of rights vis-à-vis Perez's spoliation claim, commencing on November 24, 2015.

20. Lion, however, wrongfully declined coverage to Unifoil under the Part Two portion of its workers compensation policy. In particular, when Southeast was engaged by Unifoil, it

5

represented and undertook that Unifoil would also receive coverage from Lion for both Part One -- workers compensation -- and Part Two -- employers liability coverage.

21.    After Perez's workers compensation claim was received, but prior to the commencement of the Perez Action, Unifoil ended its relationship with Southeast due to, among other things, its poor performance and lack of promised cost savings.

22.    After the filing of the Perez Action and Southeast and Lion were notified of the Perez Action, Southeast and Lion wrongfully denied Unifoil's coverage.  A Southeast claims representative expressly stated to a representative of Unifoil that coverage to Unifoil was being denied because Unifoil had terminated its Labor Services Agreement with Southeast.

23.    Navigator's D&O policy provides coverage for Perez's spoliation claims, but Navigators has wrongfully denied coverage for the spoliation claims asserted in the Perez Action.

24.    As noted, Zurich provided coverage to Unifoil from November 24, 2015 to August 6, 2017.  On August 7, 2017, Zurich wrongfully withdrew its coverage.  In particular, as set forth in correspondence from Unifoil, the Zurich CGL Policy provides presumptive coverage for Mr. Perez's personal injury claim, and Zurich is equitably estopped from attempting to withdraw coverage and a defense to Unifoil at the "eleventh hour."  Zurich's wrong action on the eve of trial would severely prejudice Unifoil's ability to defend itself in the Perez Action.

**COUNT ONE**
**(Breach of Insurance Contract)**

25.    Unifoil repeats and realleges the allegations set forth in paragraphs 1 to 24 above as if set forth at length herein.

26.    Unifoil is entitled to coverage under Part Two of the Lion policy that provides employers liability coverage.  In particular, in order to obtain Unifoil's business, Southeast, on

behalf of itself and Lion, represented and undertook that the insurance policy that would be issued by Lion in connection with the Labor Services Agreement would provide coverage to both Southeast and Unifoil. Unbeknownst to Unifoil, however, Southeast failed to procure an alternative employer endorsement for the Part Two coverage, contrary to Southeast's representations and undertakings owed to Unifoil. Lion, however, is bound by Southeast's undertaking to obtain the Part Two coverage that protects not only Southeast, but also Unifoil.

27.     After the Complaint in the <u>Perez</u> Action was forwarded to Southeast and to Lion, the defendants wrongfully refused to abide by their representations to Unifoil that the Lion coverage would not only protect Southeast, but also Unifoil. To the contrary, defendants advised Unifoil that they would not abide by the commitment to cover Unifoil because Unifoil had previously terminated the Labor Services Agreement with Southeast.

28.     Unifoil is entitled to coverage under the Navigators D&O policy for the spoliation claims asserted in the <u>Perez</u> lawsuit.

29.     Unifoil is entitled to coverage under the Zurich CGL policy for the remainder of the claims -- all claims except for spoliation -- asserted in the <u>Perez</u> Action. In addition, and/or in the alternative, Unifoil is entitled to coverage under the Zurich CGL policy for all claims asserted in the <u>Perez</u> Action -- except for spoliation -- under the doctrine of equitable estoppel, inasmuch as Zurich cannot withdraw its defense or disclaim coverage at this late date on the basis of facts that were also either known to it or which should have been previously known to it.

WHEREFORE, Unifoil Corporation, requests that the Court enter Judgment against defendants Southeast Personnel Leasing, Inc., Lion Insurance Company, Navigators Insurance Company, Inc. and Zurich American Insurance Company as follows:

(a)      Declaring that Unifoil has coverage under the policies described above and is entitled to defense and indemnification, with respect to the claims asserts in the <u>Perez</u> Action;

(b)      Compelling Lion, Navigators and Zurich, in accordance with their respective obligations, to defend and indemnify Unifoil in the <u>Perez</u> Action;

(c)      Compelling Lion, Navigators and Zurich to answer for all damages, including all counsel fees and costs, incurred by Unifoil in connection with defending the <u>Perez</u> Action, as well as for the attorney's fees and costs incurred in this coverage action; and

(d)      Awarding Unifoil such other relief as the Court deems just and equitable under the circumstances.

## COUNT TWO
### (Breach of Contract Against Southeast)

30.      Unifoil repeats and realleges the allegations set forth in paragraph 1 to 29 above as if set forth at length herein.

31.      In connection with obtaining the Labor Services Agreement, Southeast undertook to obtain full Part One and Part Two coverages for Unifoil, but failed to procure Part Two coverage protecting Unifoil.  As a result, Unifoil has been damaged.

WHEREFORE, Unifoil Corporation respectfully that the Court enter Judgment against defendant Southeast as follows:

(a)      Awarding Unifoil damages, including all attorney's fees and costs incurred in the Perez Action, as well as any damages awarded against Unifoil that would be covered had Southeast procured the Part Two coverage it committed to provide through its affiliate Lion;

(b)      Awarding the fees and costs incurred in this coverage action; and

(c)     Awarding Unifoil further relief as the Court deems just and equitable under the circumstances.

### COUNT THREE
(Negligence)

32.     Unifoil repeats and realleges the allegations set forth in paragraphs 1 to 31 above as if set forth at length herein.

33.     After Perez was injured on April 12, 2013, Lion provided Southeast and Unifoil coverage for his workers compensation claim.

34.     In connection with that claim, Unifoil repeatedly informed Southeast and Lion that Perez's counsel had requested that the Arrow machine be preserved.  Despite the obligation to advise Unifoil to preserve the Arrow machine, both Southeast and Lion failed to discharge its obligation to advise its "insured" and, as a result, Unifoil innocently discarded the Arrow machine, doing so without any intent to compromise Perez's investigation or claims at law, if any.

35.     As a result, Unifoil has been sued for spoliation and has otherwise been damaged due to the neglect of Southeast and Lion.

WHEREFORE, Unifoil Corporation demands Judgment against Southeast and Lion, jointly and severally, as follows:

(a)     Awarding any and all damages resulting from Unifoil's innocent discarding of the Arrow machine, including the attorneys' fees and costs incurred in defending the spoliation claim in the Perez Action;

(b)     Awarding any and all damages arising from any resulting harm to Unifoil's ability to assert the workers compensation bar as a defense in the Perez Action, including the attorneys' fees and costs incurred herein; and

9

(c)     Awarding Unifoil such other relief as the Court deems just and equitable under the circumstances.

**BROWN MOSKOWITZ & KALLEN, P.C.**
Attorneys for Plaintiff, Unifoil Corporation

By: */s/ Kenneth L. Moskowitz*
        Kenneth L. Moskowitz
        Steven R. Rowland

Dated:  November 29, 2017

## CERTIFICATION PURSUANT TO R. 4:5-1

Except for the Perez lawsuit and workers compensation claim described above, Unifoil Corporation certifies that the matter in controversy is not the subject of any other action or arbitration, nor is any other action or arbitration proceeding contemplated by Unifoil.  Unifoil is unaware of any non-party who should be joined pursuant to R. 4:28 or is subject to joinder pursuant to R. 4:29-1(b) due to potential liability to any party on the basis of the same transactional facts.

**BROWN MOSKOWITZ & KALLEN, P.C.**
Attorneys for Plaintiff, Unifoil Corporation

By: */s/ Kenneth L. Moskowitz*
        Kenneth L. Moskowitz
        Steven R. Rowland

Dated:  November 29, 2017

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Kenneth B. Moskowitz is hereby designated as trial counsel for

Unifoil Corporation in this matter.

BROWN MOSKOWITZ & KALLEN, P.C.
Attorneys for Plaintiff, Unifoil Corporation


By: /s/ Kenneth L. Moskowitz
        Kenneth L. Moskowitz
        Steven R. Rowland


Dated:  November 29, 2017

## JURY DEMAND

Unifoil Corporation hereby demands trial by jury as to all issues so triable.

BROWN MOSKOWITZ & KALLEN, P.C.
Attorneys for Plaintiff, Unifoil Corporation


By: /s/ Kenneth L. Moskowitz
        Kenneth L. Moskowitz
        Steven R. Rowland


Dated:  November 29, 2017