# EXHIBIT 2

SUPERIOR COURT OF NJ
CIVIL DIVISION
ESSEX VICINAGE

2015 AUG -6  A 5:27

FINANCE DIVISION
RECEIVED/FILED
27

**Thomas L. Bell, Esq.**
**NJ Attorney ID #026721987**

**GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN**
A PROFESSIONAL CORPORATION
ONE HOWE AVENUE, PASSAIC, N.J. 07055 (973) 473-1113
ATTORNEYS FOR    Plaintiff (s)

|  |  |
|---|---|
| *Plaintiff* <br><br> ORLANDO PEREZ and ANA PEREZ, his wife <br><br> vs. <br><br> *Defendant* <br> ARROW CONVERTING EQUIPMENT; ARROW CONVERTING EQUIPMENT, INC.; UNIFOIL CORPORATION; ABC CO. 1-10; DEF CO. 1-10; and JOHN DOE 1-10; (said names being fictitious); Jointly, Severally, or in the Alternative | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: ESSEX COUNTY <br><br> *Docket No.*    ESX-L-5061-14 <br><br> *CIVIL ACTION* <br><br> AMENDED COMPLAINT <br> WITH JURY DEMAND |

Plaintiffs, residing at 35 Bergen Avenue in the City of Clifton, County of Passaic, and State of New Jersey, complaining of the defendants, state that:

### FIRST COUNT

1. On or about April 10, 2013 the plaintiff, Orlando Perez, was employed as a machine operator with the defendant, Unifoil Corporation located at 12 Daniel Road in the City of Fairfield, County of Essex, and State of New Jersey.

2. That at the aforesaid time and place, while the plaintiff was required to operate a certain slitter/rewinder machine identified as manufactured by Arrow Converting

Equipment and/or Arrow Converting Equipment, Inc., upon information and belief, Model #2000-16 and Serial #19589 bearing the corporate logo of Arrow Converting Equipment, he was caused to sustain multiple, severe, debilitating, and disabling injuries.

3. That at all times mentioned herein, the defendants, or either of them, were engaged in the business of designing, inspecting, manufacturing, distributing, and selling various products/machines and component parts thereof, including those of the aforesaid machinery.

4. Sometime prior to April 10, 2013, the aforesaid defendants, or either of them, did manufacture, distribute, inspect, design, and sell the aforesaid product to the defendant, ABC Company, or directly to the plaintiff's employer, Unifoil Corporation.

5. That the defendants were further engaged in the distribution, sale, installation, leasing, maintenance, and repair of this and similar machines and/or component and replacement parts for same.

6. That sometime prior to April 10, 2013, plaintiff's employer purchased the aforesaid machine either directly from one of the defendants, or borrowed, or leased same from the defendant, ABC Company.

7. That the defendants were careless and negligent in the designing, inspecting, testing, manufacturing, distributing, selling, rebuilding, repairing, lease, and installation of the aforesaid machine.

8. That as a result of the carelessness and negligence of the defendants as aforesaid, the plaintiff, Orlando Perez, was caused to suffer and sustain severe personal injuries, both temporary and permanent in nature, permanent consequential limitations of use of body organs and members, suffered significant limitations of use of body functions or systems, has in the past and will in the future be caused to suffer severe pain, anguish, and

emotional distress, has in the past and will in the future be incapacitated, limited, and restricted in his normal activities or occupations, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries.

WHEREFORE, plaintiff, Orlando Perez, demands judgment against the defendants, jointly, severally, or in the alternative, for money damages, together with interest and costs of suit.

## SECOND COUNT

1. Plaintiff, Orlando Perez, repeats each and every allegation of the previous count of this Complaint with the same force and effect as if fully set forth at length herein.

2. That sometime prior to April 10, 2013 the defendants, or either of them, either directly or through their agents, servants, and/or employees, caused to be sold directly to plaintiff's employer, or to one or more of the fictitiously pleaded defendants herein, for later distribution to plaintiff's employer, the aforesaid machine and/or its component parts to be used as part of the production process thereat.

3. That at the time of said sale, each of the defendants knew the purposes for which said product was to be used and the plaintiff as a foreseeable user of this product relied upon the skills and judgment of the defendants.

4. That at the time of the aforesaid sale, each of the defendants expressly and/or impliedly warranted that said product was reasonably safe and suitable for the ordinary purposes for which it was to be used and that said product was of good, sound, and merchantable quality.

5. Said expressed and/or implied warranties were breached by each of the defendants, in that the product was unsafe and unsuitable for the purposes for which it was intended and said product was not of good, sound, and/or merchantable quality.

6. That as a result of the carelessness and negligence of the defendants as aforesaid, the plaintiff, Orlando Perez, was caused to suffer and sustain severe personal injuries, both temporary and permanent in nature, permanent consequential limitations of use of body organs and members, suffered significant limitations of use of body functions or systems, has in the past and will in the future be caused to suffer severe pain, anguish, and emotional distress, has in the past and will in the future be incapacitated, limited, and restricted in his normal activities and occupations, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries.

WHEREFORE, plaintiff, Orlando Perez, demands judgment against the defendants, jointly, severally or in the alternative, for money damages, together with interest and costs of suit.

### THIRD COUNT

1. Plaintiff, Orlando Perez, repeats each and every allegation of the previous count of this Complaint with the same force and effect as if fully set forth at length herein.

2. That the defendants, or either of them, were further careless and negligent in the installation, maintenance, repair, and/or rebuilding of the machine operated by the plaintiff at the time and place aforesaid.

3. That as a result of the carelessness and negligence of the defendants as aforesaid, the plaintiff, Orlando Perez, was caused to suffer and sustain severe personal

4

injuries, both temporary and permanent in nature, permanent consequential limitations of use of body organs and members, suffered significant limitations of use of body functions or systems, has in the past and will in the future be caused to suffer severe pain, anguish, and emotional distress, has in the past and will in the future be incapacitated, limited, and restricted in his normal activities and occupations, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries.

WHEREFORE, plaintiff, Orlando Perez, demands judgment against the defendants, jointly, severally, or in the alternative, for money damages, together with interest and costs of suit.

## FOURTH COUNT

1. Plaintiff, Orlando Perez, repeats each and every allegation of the previous counts of this Complaint with the same force and effect as if fully set forth at length herein.

2. That the defendants, or either of them, failed to give proper notice or warning to the anticipated and/or foreseeable users of this product to avoid the consequences suffered by the plaintiff herein.

3. That as a result of the carelessness and negligence of the defendants as aforesaid, the plaintiff, Orlando Perez, was caused to suffer and sustain severe personal injuries, both temporary and permanent in nature, permanent consequential limitations of use of body organs and members, suffered significant limitations of use of body functions or systems, has in the past and will in the future be caused to suffer severe pain, anguish, and emotional distress, has in the past and will in the future be incapacitated, limited, and restricted in his normal activities and occupations, and has in the past and will in the future be caused to

5

expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries.

WHEREFORE, plaintiff, Orlando Perez, demands judgment against the defendants, jointly, severally, or in the alternative, for money damages, together with interest and costs of suit.

## FIFTH COUNT

1. Plaintiff, Orlando Perez, repeats each and every allegation of the previous counts of this Complaint with the same force and effect as if fully set forth at length herein.

2. That prior to April 10, 2013 the defendants inspected, manufactured, sold, and distributed the aforesaid machine and placed said product into the stream of commerce knowing that it would be dangerous and hazardous if defective.

3. That prior to April 10, 2013 the defendants did defectively design, inspect, test, and manufacture the aforesaid machine and/or its component parts as operated by the plaintiff, Orlando Perez, at the time and place aforesaid.

4. At the time and place aforesaid, said product was defective and not reasonably suitable or safe for the ordinary purposes for which it was intended, sold, and used.

5. That said defects arose out of the designing, testing, inspecting, and/or manufacturing of said machine and/or its component parts while said products were in the custody and control of the defendants, and that said defects proximately caused the injuries sustained by the plaintiff herein.

6. By reason of the aforesaid, the defendants, and each of them, are strictly liable in tort for the injuries sustained by the plaintiff, Orlando Perez.

WHEREFORE, plaintiff, Orlando Perez, demands judgment against the defendants, jointly, severally, or in the alternative, for money damages, together with interest and costs of suit.

## SIXTH COUNT

1. Plaintiff, Orlando Perez, repeats each and every allegation of the previous counts of this Complaint with the same force and effect as if fully set forth at length herein.

2. That the defendant, Unifoil Corporation, plaintiff's employer, is joined in this litigation for the purpose of obtaining discovery and further access to employer's premises for additional inspections under the equitable powers of this Court.

3. The plaintiff has made good faith efforts to obtain said discovery and access prior to the institution of suit. That prior to institution of suit information and documents were requested with regard to the slitter/rewinder machine aforedescribed. Despite numerous prior demands for retention, production, and inspection of evidence together with defendant employer's representatives, telephonic confirmation of requests, no such opportunity has been provided to plaintiffs and plaintiff's fear that the defendants, or either of them, may have engaged in withholding and/or spoliation of evidence.

4. Plaintiff also seeks video/photo/digital evidence with regard to the accident complained of herein and seeks further access to inspect machine in working order.

5. The plaintiff seeks information within the records, custody, and control of the plaintiff's employer concerning the purchase, lease, manufacturer, repair, maintenance, and inspection of the machinery involved in the plaintiff's accident and resulting injuries.

6. The plaintiff seeks all information, including the identities of all relevant entities and/or persons involved in the manufacture, repair, maintenance, and inspection of the aforesaid machinery involved.

WHEREFORE, plaintiff, Orlando Perez, demands judgment against the defendants, Unifoil Corporation, compelling the defendant to reveal discovery, including but not limited to the following information:

1. Any and all records in defendant's custody with regard to the manufacture, repair, maintenance, and inspection of the machinery involved in the incident complained of herein.

2. Copies of original purchase order, specifications, and other items related to Unifoil Corporation's original purchase and ordering of said machinery from the co-defendants, or either of them.

3. Names and addresses of all relevant parties involved in any subsequent repair, remodeling, reconditioning, etc. of the machinery in question.

4. Incident report forms and/or investigations in defendant's custody and control with regard to this machinery, the plaintiff's accident, and any other prior or subsequent accidents involving the same or similar machinery.

5. Full and complete copies of any and all documents relating to any and all inspections by the US Department of Labor, Occupational Safety & Health Administration (herein OSHA) at Unifoil Corporation, particularly those resulting in citations and notifications of penalties.

6. All video, photo, or digital evidence of accident complained of.

7. Original purchase order for machine involved in accident.

8. Access for follow-up inspection of machinery in repaired state.

8

9. Last known address and contact person for Unifoil Corporation at Arrow Converting Equipment, Inc., together with past and present source of replacement parts for machinery involved in the Orlando Perez accident.

WHEREFORE, plaintiff, Orlando Perez, demands judgment against the defendants, jointly, severally, or in the alternative for money damages together with interest and costs of suit including damages and such other equitable relief as this court deems appropriate in the event that continuing discovery and investigation reveals that the defendants or either are found to have engaged in withholding and/or spoliation of evidence.

## SEVENTH COUNT

1. Plaintiff, Orlando Perez, repeats each and every allegation of the previous counts of this Complaint with the same force and effect as if fully set forth at length herein.

2. That the defendant, or either of them, including those fictitiously pleaded herein, are successor corporations to the defendants or either of them.

3. That, upon information and belief, prior to April 10, 2013, the defendants, or either of them, including those fictitiously pleaded herein, assumed either the product line of one of the previously named defendants or responsibility for said product and component parts, including those of the machinery involved in this incident.

4. That the defendants, or either of them, including those fictitiously pleaded herein, therefore assume the liabilities of predecessor defendants and are responsible for the aforesaid machinery being defectively designed, inspected, tested, manufactured, and allowed to be placed into the stream of commerce as aforestated.

5. These defendants, or either of them, were further careless and negligent in the installation, maintenance, repair, and/or rebuilding of the machine in question.

6. By reason of the aforesaid, the defendants, and each of them, are strictly liable in tort for the injuries sustained by the plaintiff, Orlando Perez.

WHEREFORE, plaintiff, Orlando Perez, demands judgment against the defendants, jointly, severally, or in the alternative for money damages together with interest and costs of suit.

### EIGHTH COUNT

1. Plaintiff, Orlando Perez, repeats each and every allegation of the previous counts of this Complaint with the same force and effect as if fully set forth at length herein.

2. That prior to April 10, 2013, upon information and belief, other employees of the defendant, Unifoil Corporation, suffered or became perilously close to suffering bodily injuries while operating the machinery involved in this accident as well as similar machinery and other allegedly improperly guarded or maintained machines located within plaintiff's place of employment.

3. That prior to April 10, 2013, upon information and belief, the defendants, Unifoil Corporation, intentionally, knowingly, and recklessly permitted its employees to operate the aforesaid machinery in questions as well as other similarly situated machinery within its place of employment that lacked proper, suitable, or adequate guarding as well as proper and required maintenance.

4. That at that same time and place, the plaintiff and his co-workers were under the direct supervision and control of the defendant Unifoil Corporation.

5. That the defendants, Unifoil Corporation, knew or should have known that their actions as it relates to the condition of the aforesaid machinery and safety devices,

could or would lead to employees being injured, and that said conduct was a Deliberate Intentional Act in violation of NJSA 34:15-8.

WHEREFORE, plaintiff, Orlando Perez, demands judgment against the defendants, Unifoil Corporation, on this count for damages, both punitive and monetary in nature.

## NINTH COUNT

1. Plaintiff, Orlando Perez, repeats each and every allegation of the previous count of this Complaint with the same force and effect as if fully set forth at length herein.

2. That at the time and place aforesaid, the defendants, or either of them, failed to provide the plaintiff herein with a safe place to work, and further failed to provide properly maintained and safe guarded equipment for the plaintiff's use, including the machinery involved in the incident complained of herein.

3. That said conditions and procedures further resulted from the "intentional malfeasance" and/or "gross negligence or misconduct" of the defendants, or either of them, individually, and/or by and through the acts and/or omissions of their agents, servants, and/or employees, and that same constituted intentional or gross harm, which the plaintiff herein submits are "intentional and sufficiently flagrant" so as to allow the plaintiff to seek damages against the defendants herein, and each of them, and furthermore, so as to allow plaintiff herein to seek damages against the defendants herein, separate and distinct from workers' compensation claim proceedings presently pending.

4. That as a result of the carelessness and negligence, as well as "deliberate intentional acts" of the defendants, Unifoil Corporation, as well as their individual agents, servants, and/or employees, or either of them, the plaintiff, Orlando Perez, was caused

11

to suffer and sustain severe personal injuries, both temporary and permanent in nature, permanent consequential limitations of use of body organs and members, suffered significant limitations of use of body functions or systems, has in the past and will in the future be caused to suffer severe pain, anguish, and emotional distress, has in the past and will in the future be incapacitated, limited, and restricted in his normal activities and occupations, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries.

WHEREFORE, plaintiff, Orlando Perez, demands judgment against the defendants, jointly, severally, or in the alternative, for money damages, both compensatory and punitive in nature, together with interest and costs of suit.

## TENTH COUNT

1. Plaintiff, Orlando Perez, repeats each and every allegation of the previous counts of this Complaint with the same force and effect as if fully set forth at length herein.

2. That prior to the incident complained of herein, specifically, the accident of April 10, 2013, the plaintiff, Orlando Perez, was injured in a prior work related incident having occurred on March 20, 2013 resulting in severe injuries.

3. That at all times mentioned herein, the defendants, or either of them, including the defendant, Unifoil Corporation, and its individual agents, servants, and/or employees were aware of the plaintiff's prior injury as well as specific restrictions placed upon the plaintiff's return to work by the defendant, Unifoil Corporation, by the workers' compensation authorized physician, including the physicians of Concentra Medical Center of 283 Piaget Avenue Clifton, NJ 07011, including:

12

- Return to work on May 10, 2013 with the following restrictions:
    - No lifting over 20 lbs.
- Unable to use impact tools with right hand, arm, and/or hand
- Unable to use to power tools with right hand, arm, and/or hand
- Limited use of right hand

4. That in spite of the known restrictions and limitations under which the plaintiff, Orlando Perez, returned to his employ with the defendant, Unifoil Corporation, the defendant, Unifoil Corporation, as well as their agents, servants, and/or employees caused the plaintiff to be forced and intimidated into working with materials and machineries far in excess of his "return to work restrictions" causing and contributing to the incident complained of herein.

5. That said actions of the defendant employer, Unifoil Corporation, further constitute "deliberate intentional acts" in violation of NJSA 34:5-7 as well as further "intentional malfeasances" and/or "gross negligence or misconduct" so as to constitute "intentional and sufficiently flagrant" actions so as to allow the plaintiff herein to seek damages against the defendants, Unifoil Corporation, separate and distinct from workers' compensation claim proceedings pending.

6. That as a result of the carelessness and negligence as well as "deliberate and intentional acts" as aforestated, the plaintiff, Orlando Perez, was caused to suffer and sustain severe personal injuries, both temporary and permanent in nature, permanent consequential limitations of use of body organs and members, suffered significant limitations of use of body functions or systems, has in the past and will in the future be caused to suffer severe pain, anguish, and emotional distress, has in the past and will in the future be

incapacitated, limited, and restricted in his normal activities and occupations, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries.

WHEREFORE, plaintiff, Orlando Perez, demands judgment against the defendants, jointly, severally, or in the alternative, for money damages, both compensatory and punitive in nature, together with interest and costs of suit.

## ELEVENTH COUNT

1. Plaintiff, Orlando Perez, repeats each and every allegation of the previous count of this complaint with the same force and affect as if fully set forth at length herein.

2. That at the time and place, aforesaid, the defendant, Unifoil Corporation , or either of them, litigation was probable and/or pending, failed to keep the equipment and machinery in the state that it was at the time of the accident. Furthermore, the defendant failed to retain and/or provide evidence that would aid the plaintiff in the prosecution of the probable litigation.

3. The defendants, with knowledge of the probable litigation, by and through the acts and/or omissions of their agents, servants, and/or employees, including those fictitiously pleaded herein, negligently, intentionally, knowingly, and recklessly changed the condition of this machine; by completely dismantling said machine.

4. The defendants knew or should have known that there conduct would disrupt, hinder, and impede the plaintiff's case. The defendants knew or should have known that the dismantling of the product and the failure to retain evidence would significantly impair the plaintiff's ability to prove the probable lawsuit.

5. That as a result of the negligent and/or intentional acts of the defendants as aforesaid, the plaintiff, Orlando Perez's, lawsuit may be negatively impacted in that the plaintiff

may have difficulty proving the lawsuit without the ability to have inspected the machine before dismantling and for defendants' failure to provide requested evidence.

6. That as a result of the negligent and intentional acts of the defendants, or either of them, the plaintiff, Orlando Perez, may be significantly prejudiced in his ability to prove his liability in this litigation. As a result of the carelessness, negligence, recklessness, and deliberate intentional acts of the defendants, or either of them, the plaintiff, Orlando Perez, was caused to suffer and sustained severe personal injuries, both temporary and permanent in nature, permanent consequential limitations of use of body organs and members, suffered significant limitations of use of body functions or systems, has in the past and will in the future, be caused to suffer severe pain, anguish, and emotional distress, has in the past and will in the future be incapacitated, limited and restricted in his normal activities and occupations, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure injuries.

Wherefore, plaintiff, Orlando Perez, demands judgment against the defendants, jointly, severally, or in the alternative for punitive damages, together with interest and cost of suit.

### TWELFTH COUNT

1. Plaintiff, Ana Perez, repeats each and every allegation of the previous counts of this Complaint with the same force and effect as if fully set forth at length herein.

2. That the plaintiff, Ana Perez, is the wife of the plaintiff, Orlando Perez, and as such is entitled to his services and society, and is responsible for his debts.

3. By reason of the negligence of the defendants, as aforesaid, plaintiff has in the past and will in the future be required to expend large sums of money for medical care and attention for the alleviation of the suffering of the plaintiff, and has in the past and will in the future be deprived of the services of her husband.

WHEREFORE, plaintiff, Ana Perez, demands judgment against the defendants jointly, severally, or in the alternative for money damages together with interest and costs of suit.

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY AS TO ALL ISSUES CONTAINED HEREIN.

GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN

BY:_____
THOMAS L. BELL

I hereby certify, pursuant to Rule 4:5-1, that the matter in controversy is not the subject of any other action or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and no other party should be joined in this action at this time except for workers' compensation claim proceedings pending.

GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN

BY:_____
THOMAS L. BELL

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, THOMAS L. BELL, is hereby designated trial counsel for the plaintiff in the within litigation.

GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN

BY:_____
THOMAS L. BELL

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), the plaintiff requests discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy said judgment.

GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN

BY:_____
THOMAS L. BELL

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-2, plaintiff hereby requests answers to Form C and C(1) Interrogatories as set forth in Appendix II of the New Jersey Court Rules.

GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN

BY:_____
THOMAS L. BELL

DATED: August 3, 2015