**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| UNIFOIL CORPORATION,<br><br>Plaintiff,<br>v.<br><br>SOUTHEAST PERSONNEL LEASING, INC., et al.,<br><br>Defendants. | Civil Action No.<br><br>2:18-CV-18-MCA-SCM<br><br>**ON PLAINTIFF'S MOTION TO REMAND**<br><br>**[D.E. 11]** |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiff Unifoil Corporation's (hereinafter "Unifoil") Motion to Remand.[1] The Honorable Madeline C. Arleo, United States District Judge, has referred this matter to the undersigned for report and recommendation.[2] The Court has reviewed the parties' respective submissions and heard oral argument on September 14, 2018. For the reasons set forth herein, the undersigned respectfully recommends Unifoil's Motion to Remand be **GRANTED**.

---

[1] (ECF Docket Entry ("D.E.") 11, Pl.'s Mot. to Remand). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System.

[2] *See* L. Civ. R. 72.1(a)(2).

## I. BACKGROUND & PROCEDURAL HISTORY[3]

This is an insurance coverage action in which Unifoil seeks a declaration that defendants Lion Insurance Company (hereinafter "Lion"), Navigators Insurance Company, Inc. (hereinafter "Navigators"), and Zurich American Insurance Company (hereinafter "Zurich") owed a duty to defend and indemnify Unifoil in a pending workplace personal injury action.[4] Unifoil also seeks damages from defendant Southeast Personnel Leasing, Inc., (hereinafter "Southeast") the employer in the pending personal injury action.[5]

On December 7, 2017, Unifoil filed their Complaint in the Superior Court of New Jersey, Essex County Law Division.[6] Subsequently, Navigators filed a Notice of Removal on January 2, 2018, based on diversity jurisdiction.[7] Before then, however, On December 18, 2017, The Honorable Dennis F. Carey, III, P.J. Cv., of the Superior Court of New Jersey consolidated the current matter, the insurance coverage action, with the coordinating pending personal injury action captioned *Perez, et al. v. Arrow Converting Equipment, et al.*, under *Perez, et al. v. Unifoil Corp., et al.*[8] Navigators contest that they did not receive notice of this consolidation until January 5, 2018, three days after they filed their Notice of Removal.[9]

---

[3] The Court relies upon the allegations set for within the pleadings and motion record for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1-2, Compl., at 4).

[5] (D.E. 1-2, Compl., at 5).

[6] (D.E. 1-2, Compl., at 3).

[7] (D.E. 1, Def. Navigators' Notice of Removal, at 1).

[8] (D.E. 11-1, Consolidation Order, at 4-5).

[9] (D.E. 16, Def. Navigators' Opp'n, at 3).

Unifoil filed their Motion to Remand on January 12, 2018, arguing that diversity was destroyed once Judge Carey consolidated the cases.[10] Navigators and Southeast have since filed oppositions on January 22, 2018,[11] Lion filed cross motion to sever also on January 22, 2018,[12] and Zurich filed their opposition on January 26, 2018,[13] to which Unifoil has replied on February 6, 2018.[14] Additionally, Navigators filed a Motion to Dismiss on February 12, 2018,[15] Southeast filed a Motion to Transfer[16] on the same day, and Lion filed a Motion to Change Venue on February 13, 2018.[17]

## II. <u>LEGAL STANDARD</u>

Under our jurisprudence, a defendant may remove a civil action to the proper federal district court with original jurisdiction.[18] Removal requires an independent ground for subject matter jurisdiction such as diversity jurisdiction or federal question jurisdiction.[19] This Court has

---

[10] (D.E. 11-2, Pl.'s Letter, at 2).

[11] (D.E. 16, Def. Navigators' Opp'n; D.E. 18, Def. Southeast's Opp'n).

[12] (D.E. 17, Def. Lion's Motion to Sever).

[13] (D.E. 22, Def. Zurich's Opp'n).

[14] (D.E. 24, Pl.'s Reply).

[15] (D.E. 26, Def. Navigators' Mot. to Dismiss).

[16] (D.E. 27, Def. Southeast's Mot. to Transfer).

[17] (D.E. 28, Def. Lion's Mot. to Change Venue).

[18] 28 U.S.C. § 1441(a).

[19] 28 U.S.C. § 1441(b)-(c).

original jurisdiction to hear claims where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of citizenship between the parties.[20]

When a defendant's notice of removal is procedurally defective, a plaintiff may file a motion to remand the case to state court.[21] For such defects, a plaintiff must file its motion to remand within 30 days after the notice of removal.[22] If the defendant's notice of removal is untimely and the plaintiff's motion to remand is timely, a court may remand the case to state court.[23] When such disputes over the removal occur, defendants bear the burden of proving that the case belongs in federal court.[24] Courts must strictly construe Section 1441 against removal and resolve ambiguities in favor of remand.[25] Courts should also assume that they lack jurisdiction "unless the contrary appears affirmatively from the record."[26]

---

[20] 28 U.S.C. § 1332(a)(1).

[21] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the [defendant's] notice of removal under section 1446(a)."); *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 468 (D.N.J. 2013) (remanding case after determining that the defendant's removal was untimely).

[22] 28 U.S.C. § 1447(c).

[23] *See, e.g.*, *H.S.B.C. Bank U.S.A., N.A. v. Ruffolo*, 2015 WL 9460560 at *2-4 (D.N.J. Dec. 23, 2015) (remanding case to state court because the defendant missed Section 1446(b)'s filing deadline after receiving the complaint); *G.M.A.C. Mortg., L.L.C. v. Barel*, 2011 WL 5833988 at *2 (D.N.J. Nov. 17, 2011) (remanding case to state court because the defendant's notice of removal was untimely and the plaintiff's motion to remand was timely); *Sidoti v. Housewares America, Inc.*, 2010 WL 4612568 at *1-2 (D.N.J. Sep. 10, 2010) (same).

[24] *See Constantino v. Cont'l Airlines, Inc.*, 2014 WL 2587526, at *1 (D.N.J. June 9, 2014) ("The burden is on the removing party to show the case belongs in federal court.") (citations omitted).

[25] *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

[26] *DeJoseph v. Cont'l Airlines Inc.*, 18 F. Supp. 3d 595, 598 (D.N.J. 2014) (quoting *Philadelphia Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

## III. <u>DISCUSSION</u>

With the above principles in mind, Unifoil argues that the Court should remand this case due to lack of diversity jurisdiction because the state consolidation order destroyed diversity prior to removal.[27] In response, Navigators and Lion, with support from Southeast and Zurich, raised objections to the validity of the state court order, arguing for different reasons that the non-diverse parties are not part of this case.[28]

The Court will first determine whether the consolidation order successfully consolidated the underlying state cases. First, Navigators argues that they did not have notice of the order and this invalidates the order.[29] However, it is not the province of this Court to determine the propriety of the state court's decision to enter the consolidation order, but merely whether it is a valid state court order and whether it has an effect on jurisdiction in this Court. It may be possible that the state court would revoke its consolidation order for the reasons set forth in Navigators' brief, but at this point, it is already valid and destroyed diversity.

Additionally, Lion argues that the consolidation order was for the purpose of discovery and therefore does not have the effect of joining a non-diverse party.[30] However, a review of the

[27] (D.E. 11-2, Pl.'s Letter, at 1–2).

[28] *See* (D.E. 16, Def. Navigators' Opp'n; D.E. 17-2, Def. Lion's Mot. to Sever; D.E. 18, Southeast's Opp'n; D.E. 22, Zurich's Opp'n).

[29] (D.E. 16, Def. Navigators' Opp'n, at 5).

[30] (D.E. 17-2, Def. Lion's Mot. to Sever, at 4).

consolidation order makes no qualification limiting it to discovery or pretrial purposes.[31] In fact, the order consolidated both dockets into one new docket.[32]

"The role of this Court is not to decide whether it was proper for the state court to consolidate the actions, but whether the consolidation affects the Court's jurisdiction."[33] The issue in this case, as in *Amadu v. Bradshaw*, is whether the consolidated action "shall be reviewed independently, or as one case for the purposes of determining federal subject matter jurisdiction."[34] This Court follows the findings in *Amadu*, that when a state court orders a consolidation of two actions, it may affect jurisdiction and removability.[35] "New Jersey law on this is clear: actions that are initiated separately and subsequently consolidated become a single action."[36] Thus, Judge Carey's consolidation of the insurance coverage and the personal injury claims combined them into a single action. The Court finds that the consolidation is effective because the defendants failed to meet their burden to show that the consolidation order is not presently valid.[37] The Court must resolve all doubts in favor of remand.[38]

---

[31] (D.E. 11-1, Ex. A. Consolidation Order, at 5).

[32] *Id.*

[33] *Amadu v. Bradshaw*, 15-8033, 2016 WL 3676474, at *2 (D.N.J. July 11, 2016).

[34] *Id.*

[35] *Id.* at *3 (quoting *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, 399 F. Supp. 2d 340, 353–54 (S.D.N.Y. 2005)).

[36] *Id.*

[37] *Id.* at *2 (quoting *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 281 (3d Cir. 2015)).

[38] *Id.*

Section 1332 gives district courts jurisdiction on civil actions among citizens of different states.[39] Under the new, consolidated case, the plaintiff Orlando Perez is a resident and citizen for diversity purposes of New Jersey.[40] Unifoil, who is now a defendant in the consolidated case, has their principal place of business and resides for diversity purposes in New Jersey.[41] Thus, there is no complete diversity in this case and therefore, no jurisdiction. "The federal court must remand under [Section] 1447(c) if it determines at any time that it lacks subject matter jurisdiction."[42] In response to Lion's motion to sever, the Court lacks subject matter jurisdiction to make a finding on such matter.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Unifoil's Motion to Remand. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[43]




Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/14/2018 3:26:51 PM

---

[39] 28 U.S.C. §1332(a).

[40] (D.E. 11-2, Pl.'s Letter, at 2).

[41] (D.E. 1, Def. Navigators' Notice of Removal, at 1–2).

[42] *Belmont Condo. Assoc., Inc. v. Arrowpoint Capital Corp., et al.*, 11–02900, 2011 WL 6721775 at *2 (D.N.J. Dec. 20, 2011).

[43] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
    File