# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIFOIL CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>SOUTHEAST PERSONNEL LEASING, INC., et al.,<br><br>*Defendants.* | Civil Action No. 18-18<br><br>ORDER |

**THIS MATTER** having come before the Court by way of Magistrate Judge Mannion's Report and Recommendation dated September 14, 2018, in which Judge Mannion recommended that the District Court grant Plaintiff Unifoil Corporation's ("Plaintiff") Motion to Remand, ECF Nos. 11, 53;

and having considered Defendant Navigators Insurance Company's ("Navigators") Objections to Report and Recommendation, ECF No. 57;

and it appearing that this is an insurance coverage action ("Coverage Action") in which Plaintiff seeks indemnification from Defendant Lion Insurance Company ("Lion"), Defendant Zurich American Insurance Company ("Zurich"), and Navigators, as well as damages from Defendant Southeast Personnel Leasing, Inc. ("Southeast" and, collectively with Lion, Navigators, and Zurich, "Defendants"), all in connection with a pending personal injury action ("Underlying Action"), see Report and Recommendation, ECF No. 11, at 2 ("R&R");

and it appearing that on December 7, 2017, Plaintiff filed the Coverage Action in the Superior Court of New Jersey, Essex County Law Division, see id.;

and it appearing that on January 2, 2018, Navigators removed the Coverage Action to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, see Notice of Removal, ECF No. 1;

and it appearing that on December 18, 2017, prior to Navigators' purported removal, the Honorable Dennis F. Carey, III, P.J. Cv. consolidated the Coverage Action and the Underlying Action under the new caption Perez, et al. v. Unifoil Corp., et al., Dkt. No. ESX-L-5061-14 (the "Consolidated Action"), see R&R, at 2;

and it appearing that on January 12, 2018, Plaintiff moved to remand, arguing the consolidation destroyed diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and the Court therefore lacked subject matter jurisdiction, see id. at 3;

and it appearing that Defendants argue that the consolidation order (1) could or should not have merged the Coverage Action and the Underlying Action into a single action for removability purposes, (2) did not, in fact, do so, and (3) even if it did, does not operate to destroy diversity jurisdiction. They argue that under both federal and New Jersey law, consolidated cases maintain their own separate identities for purposes of determining diversity jurisdiction, and consolidation does not make parties to one suit parties to another. See id. at 2-5; see also Navigators Br. in Opposition to Remand, ECF No. 16; Lion Br. in Support of Cross-Motion to Sever and Opposition to Remand, ECF 17.2; Navigators Objection to Report and Recommendation, ECF No. 57 ("Navigators Obj.");

and it appearing that in a removal dispute, defendants bear the burden of proving that the case belongs in federal court, see, e.g., Constantino v. Cont'l Airlines, Inc., No. 13-1770, 2014 WL 2587526, at *1 (D.N.J. June 9, 2014);

2

and it appearing that courts must strictly construe 28 U.S.C. § 1441 against removal and resolve any ambiguities in favor of remand, see Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013);

and it appearing that courts should also assume that they "lack jurisdiction unless the contrary appears affirmatively from the record," Philadelphia Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge, 150 F.3d 319, 323 (3d Cir. 1998) (quoting Renne v. Geary, 501 U.S. 312, 316 (1991));

and it appearing that Judge Mannion properly found that the Court's role "is not to decide whether it was proper for the state court to consolidate the actions, but whether the consolidation affects the Court's jurisdiction[,]" see Amadu v. Bradshaw, No. 15-8033, 2016 WL 3676474, at *2 (D.N.J. July 11, 2016) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983));

and it appearing that Judge Mannion properly found that the consolidation order contains no indication that it consolidated the Coverage Action and Underlying Action for discovery purposes only, but rather plainly appears to combine "[t]he above-captioned matters" into a new action with a new caption entirely, see id. at 5-6; see also Certification of Steven R. Rowland, Ex. A, ECF No. 11.1 (the "Consolidation Order');[1]

---

[1] Navigators argues that the Consolidation Order's use of the plural "matters" after noting the cases were consolidated, as well as the "status conferences and . . . activity on the docket" of the Underlying Action after Navigators' removal of the Coverage Action, is clear evidence of the state court's intent to continue treating the Coverage Action and the Underlying Action as separate and independent actions. See Navigators Obj. at 9-10. The Court notes that in the sentence immediately following the use of the plural "matters," the Consolidation Order uses the singular "matter." See Consolidation Order at ¶¶ 3-4 ("A Case Management Conference is hereby scheduled on the consolidated **matters** . . . and it is further ordered that . . . [a] true copy of this Order be served upon all counsel in the within **matter** . . . .") (emphasis added). Moreover, even if it is ambiguous whether the Consolidation Order intended to consolidate the Coverage Action and the Underlying Action for discovery purposes or for all purposes, that ambiguity must be resolved in favor of remand. Johnson, 724 F.3d at 346.

3

and it appearing that Defendants argue that under federal law, consolidated cases maintain their own separate identities, and they cite to cases interpreting Rule 42 of the Federal Rules of Civil Procedure;

and it appearing that those "cases are inapposite . . . [because] they address federal consolidation rather than consolidation under state rules[,]" In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 399 F.Supp.2d 340, 353 (S.D.N.Y. 2005);

and it appearing that (1) the Third Circuit has not directly considered the effect of state-ordered consolidation on federal jurisdiction and removability, see Amadu, 2016 WL 3676474, at *3; but (2) other federal courts that have addressed this issue have looked to the state law in question, see Bridewell-Sledge v. Blue Cross of Cal., 798 F.3d 923, 929-30 (9th Cir. 2015); In re MTBE Prods. Liab. Litig., 399 F.Supp.2d at 354-55; Cottman Transmission Sys., LLC v. Bence, No. 03-5467, 2004 WL 98594, at *2 (E.D. Pa. Jan. 15, 2004);

and it appearing that Judge Mannion properly found that in New Jersey, "actions that are initiated separately and subsequently consolidated become a single action[,]" R&R at 6 (quoting Amadu, 2016 WL 3676474, at *3);[2]

and it appearing that Judge Mannion properly found that when Navigators purported to remove the Coverage Action on January 2, 2018, the Coverage Action no longer existed independent of the new Consolidated Action, see R&R at 6;

---

[2] Amadu relied on three cases holding that in New Jersey consolidated cases become a single action, including a Supreme Court of New Jersey case, Ettin v. Ava Truck Leasing, Inc., 53 N.J. 463 (1969), and an Appellate Division case from 1998, Shambry v. N.J. Transit Bus Operations, Inc., 307 N.J. Super 390 (App. Div. 1998). Navigators argues these cases are no longer good law based on a 1990 amendment to the Rules Governing the Courts of the State of New Jersey (which Shambry post-dates) and developments in the interpretation of Federal Rule of Civil Procedure 42(a) (on which Navigators argues New Jersey's rule on consolidation is based). See Navigators Obj. at 14-18. Navigators' arguments are unsupported by New Jersey case law and do not provide a basis for abandoning clearly established precedent.

and it appearing that the parties do not apparently dispute, and Judge Mannion properly found, that if treated as a single action for purposes of jurisdiction, the Court does not have diversity jurisdiction over the Consolidated Action under 28 U.S.C. § 1332 because plaintiff Orlando Perez and defendant Unifoil in that action are both residents and citizens of New Jersey for diversity purposes, see id. at 7;

**IT IS** on this the 28th day of September, 2018,

**ORDERED** that Judge Mannion's Report and Recommendation dated September 14, 2018, ECF No. 53, is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Motion to Remand, ECF No. 11, is **GRANTED**; and it is further

**ORDERED** that this case shall be **REMANDED** to the Superior Court of New Jersey, Essex County Law Division; and it is further

**ORDERED** that this matter is **CLOSED.**

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**